May it please the court. My name is Heather Fraley and I represent the appellant John Flowers. The issue in this case is whether Flowers' ability to file four untimely and delusional petitions demonstrates an ability rationally and factually to understand the need to timely file and the ability to file a minimally adequate petition. The district court's holding that it did was an error because it focused on the fact of the filings as opposed to on the content and quality of those filings. This court's precedents support the proposition that a petitioner who files delusional and untimely pleadings lacks a rational and factual understanding Well, the, the, let's talk about that. How do we, it's a question I want to ask both counsel. You say the district court spent a lot of time focusing on other things other than what was in the, in the letters. The letters have cogent, you know, arguments, and then they have some delusional arguments. How are we to determine at this stage, and what's the, the standard, is there a special standard of review that we utilize in determining whether or not the district court was correct in making its overall finding? How does that play in? Well, as Your Honor is aware, I mean, in bills this Court simply held that a petitioner must have a rational and factual understanding of the need to timely file and, and an ability to file a minimally adequate petition. Neither of those has been fleshed out very much. Now, my There was a hearing, the district court issued a several-page order. There were experts who weighed in on this issue. What do you mean when you say that? This Court has yet to flesh out what that means in the context of a case like Mr. Flowers. Oh, I don't know about the district court. No, Your Honor. Absolutely, the issue was fleshed out in the district court. And as Your Honor mentioned, numerous experts testified. Every expert that testified testified that Mr. Flowers was unable to understand the need to timely file and unable to file a minimally adequate petition. Now, as far as what does that mean, what is a minimally adequate petition, as Your Honor points out, there were numerous pleadings in this case. Admittedly, there are certain parts of them that appear to present cogent and rational legal argument. But every single petition that Mr. Flowers filed, and the district court recognized this, every petition that he filed in State court during a time sought to be told sought relief based on delusions. And the inability of Mr. Flowers to separate his delusions from his belief about his entitlement to relief from his conviction can't satisfy the standard of a minimally adequate petition. Mr. Flowers does not understand that he doesn't really have a rod implanted in his brain. He doesn't understand that he is not really being communicated with on a daily basis by Homeland Security and being told that DNA evidence and videotape evidence exists exculpating him. He really believes those things. And he really believes that he is entitled to relief from his conviction because that evidence exists. But it doesn't. It's a delusion. And that's the flaw in the district court's holding. It's the district court said that, well, I've heard other people who aren't insane say that there's videotape evidence that doesn't, they don't have any proof that exists, or that there's DNA evidence and we don't have any proof that it exists. The flaw in that is that this court's standard requires the court to analyze the totality of the circumstances. Flowers' actions must be viewed in the context of his mental illness. And it is undisputed that for the entire time that we're seeking tolling, Mr. Flowers was classified by the State of Nevada as severely mentally ill. And the actions that he took in filing pleadings weren't the result of a sane mind that understood the process, that understood that there's steps that have to be followed, and he was following those steps. You know, it sounds to me like sort of a jury argument you're making, or certainly or maybe an argument made to a trial court. Given that there seems to be no dispute that he has some form of mental illness, there are lots of mental illnesses that interfere or do not interfere, interfere only partially with one's ability to, to engage, to file pleadings or to, to pursue litigation matters. And in this case, he did pursue various forms of relief, various that this Court looked at. So this Court looks at that, looks at his, the fact of mental illness, and concludes this does not excuse his failure to file. Isn't that a factual finding to which we, we have to defer? And how do we, how do we untangle that? Right. So the undisputed facts are reviewed de novo. And it is undisputed that Mr. Flower suffers from severe mental illness. It is undisputed that every ---- I'm sorry. Undisputed facts are reviewed de novo? What does that mean? That means that the facts that are undisputed, this Court gets to review de novo. Right? So the undisputed facts ---- How do we review de novo, undisputed facts? What does that even mean? That means that you don't have to give any deference to the lower court, that you can look at this case brand new and evaluate it and make your own determination. The undisputed facts are the undisputed facts. We, we just accept them and we move from there. Okay. There's no review involved. There's nothing to review. We only review decisions of the district court. Right. And even assuming that you were assuming that you were reviewing the, the finding of the district court that Flowers is not entitled to tolling for clear error, we can satisfy this standard. As Your Honor pointed out, the district court found that Mr. Flowers ---- You're accepting that we review for clear error? Yes, Your Honor. It's a factual finding as to whether there's a connection or not, and we have to find clear error or lack of substantial evidence supporting that finding. Yes, Your Honor. And applying that standard, Mr. Flowers can satisfy it, because what the, what the district court did was clear error, because what the district court did was said, okay, Mr. Flowers is mentally ill. Mr. Flowers filed pleadings, therefore, he's not entitled to tolling. And that's not the standard. Under bills, the court is required to look at those things together. The court was required to look at Flowers' State filings in the context of his mental illness. And in the context of his mental illness, it is clear that Flowers' State filings do not reflect an understanding of the need to timely file. Mr. Flowers is, is paranoid schizophrenic. He's, he's got schizoaffective disorder. He has a compulsion to file things in court. As Dr. Camp testified at the district court, and the State presented no evidence to contradict this, Mr. Flowers uses the appeals process as a pseudo-therapeutic process. He doesn't look at the rules and make strategic litigation determinations based on the rules. Literally, the voices in his head tell him, tell the court what's happening to you, and he does it. That's literally why he files things. He also has a very hard time accepting the fact that he's mentally ill, and he wants very badly to convince the world that he's not. But once again, this is your characterization of what's going on. We have findings by the district court, because the court looked at this. Now, you sort of impugn what the district court did, but in fact, the district court looked at these things and, and came to the conclusion that there was, that the mental illness is now excused, the, the late filing. Again, Your Honor, because the district court failed to apply the appropriate standard. How do we know that? Because the district court looked at the 56-page order, which is the one that's in the case, and it is telling that. Point out to me. I mean, go ahead. Let's look at the order. Let's look at the specific language. Show me where the district court heard. I mean, this is, after all, what this is about. So show me in the order where the district court committed an error. Your Honor, because the EOR in this case is 14 volumes, I was unable to bring the entire thing with me. You didn't bring the order you're challenging here? No, Your Honor. I brought the briefings. I brought relevant case law. I brought the timeline that demonstrates the course of the circuit. But you didn't bring the order you're challenging. So now when I'm asking you, point me to the error the district court made in the 56-page order, you can't point me to anything. Your Honor, I feel very confident in stating that in both my opening brief and my reply brief, I pointed out with sufficient particularity. Do you have your briefs with you? I do have my yes, I do have my briefs with me. Okay. So why don't you go to the briefs and find an answer to my question? You want to know the specific page numbers in the district court's? Yes, I want to know where you say the district court heard. Yes. That's what I want to know. The district court erred in holding that Mr. I want a page and a line. The district court held that Mr. Flowers was not entitled to hold. A page and a line. Okay. Just as I'm looking for the page and a line. A page and a line. I would just like to state that the court held that Mr. Flowers was not entitled to tolling because he was capable of filing pleadings in State court. And so I can go through specifically, Your Honor, all of the pleadings that Mr. Flowers filed. Just a page and a line. Where is it that you're pointing out the district court committed an error? It's a pretty basic question. It's what appeals are about. Yes, Your Honor. And again, in my briefing, I did point out with very specific particularity where the court held, where the court erred. Page, page, line. So on EOR 26, the district court conceded that all three petitions likely included delusional allegations. So that's. I'm sorry. Is that one of the places you say the district court committed an error? That's one of the places where I say that the court recognized that Mr. No, no, no, no, no. Error. Where is it that the district court ordered you to find an error? It's a simple question. Do you want to save the question for rebuttal? I'm more than prepared to argue this case. And I can tell you for certainty that the – I mean, this Court is aware. What language? Can you quote me the language? What is it the district court said that you – I mean, you characterize the district court's actions in various – you know, the district court assumed this, the district So I'd like to know what language you rely on. It's the only indication we have as to whether the district court, in fact, was doing a thing. Your Honor, at page 22 of the EOR, the district court held, Indisputably, there are periods of time within the 7-year period after June 2, 2003 up to June 16, 2010, during which Flowers was incapable of meeting a timely filing requirement either by himself or with assistance of other inmates. The district court held, however, that Flowers was not capable of filing, quote, a Federal petition for the entirety of the 7-year period because he, quote, demonstrated I'm sorry. I found the first thing you quoted, but I don't see the second thing. Where is the second thing? Okay. So I'm reading from my opening brief at page 25 to 26. I'm quoting to the EOR at 22 and 23. Okay. I've got that language. It has to be on line 18 to 23, in case you're wondering. The EOR at page 23, which is the district court's order, holds that a Okay. Okay. One on 23. You said 22. Both pages, Your Honor. There is language on both pages that I believe is relevant. The EOR at page 23, I'm about to quote it for you, Your Honor. Okay. Quote, EOR page 23, quote, a Federal petition for the entirety Do you have a line? I do not have a line, Your Honor. A Federal petition, okay, quote, because he demonstrated the capacity to file at the very least with available assistance multiple papers, including multiple post-conviction petitions in the State courts, more than a year prior to the filing of the Federal petition. He was capable of complying with the ECA. That is the holding that I am disputing that I believe is in error, because in making that finding, the district court failed to view Mr. Flower's filings in the context of his mental illness. How do you know? I mean, the district court said he was mentally ill, recognized it, said it looked at, the district judge looked at the petitions and concluded that based on that evidence, the district judge found that he was not incapable of finding a Federal petition. I don't see where you find an error here. I mean, you may disagree with it. You do disagree with it, but where is the error? Where is all the stuff that you say the district court did or ignored or failed to consider or didn't understand? Your Honor, the EOR at page 27, the district court holds. Okay, okay, wait, wait. Okay, 27, let me get the, okay. The fact that the three 2007 and 2008 petitions, including delusional allegations in addition to cogent argument, does not necessitate a conclusion that they were prepared by a then mentally incompetent pleader, because Flowers could have been presenting as more than compensated than he in truth was in an effort to secure a litigation advantage. As I explained in detail in my briefing, this holding is in error. This holding is not supported by the record. All of the experts testified that Mr. Flowers was insane, was severely mentally ill throughout the entire course of this. Every single petition that Mr. Flowers filed included delusional claims for relief. That cannot satisfy the standard for a minimally adequate petition. So any time, that's, this is back to my question, so any time somebody files a petition, and even though, let's say, nine and a half out of the ten pages in his petition are rational, cogent arguments, but one line or one paragraph he makes references that could indicate he's delusional, could you just say right now, any time someone makes a delusional reference, that doesn't meet the minimum standard? No, Your Honor. I'm not saying that any time someone includes even a one-line delusion in their petition. Well, you made a statement suggesting that. So what is it that you suggest there? I'm suggesting that where the record indicates that the petitioner doesn't have a rational and factual understanding of his claims for relief, that he is entitled to tolling, that that's not a minimally adequate petition. So I'm suggesting in the very rare case, like Mr. Flowers' case, where his petition is mostly delusional, where most of it is delusional, where he can't separate out that Homeland Security hasn't really communicated to him, that there is DNA evidence exonerating him, that there are videotaped evidence exonerating him, where he believes that that's why he deserves a new trial, that's not minimally adequate. But how do we make that determination that it's mostly delusional? Do we count lines and then divide it by half, and if it's half plus one line, it's enough? How do we make that determination? Certainly not, Your Honor. As you're well aware, equitable tolling cases are extremely fact-intensive. And particularly as this Court recently reiterated in Forbis, you must look to the totality of the circumstances. And then don't we defer? We look at the totality, and don't we defer to the trial court and find and look to see if his determination, his or her determination, was clearly erroneous regarding, you know, these facts? And it was clearly erroneous in this case, Your Honor. I know you keep saying that, and I understand that's your argument, but I'm just trying to figure out how you get there, other than your strong belief. I mean, what is it that, in light of our standard, that you can say? And I think what you're saying is that there's clearly references, which I don't think anyone is disputing, to delusional sort of comments, but there's also a fair amount of actually remarkably clear statements where he says, I was mentally ill at the time, and so I should get relief. I mean, he goes on for pages talking about why he should get relief. So it's just — I'm just trying to unravel and figure out what it is that you think your best argument is to how we can look at this and agree with you without just saying, we agree with you. I have two answers to that. First of all, Mr. Flowers is entitled to equitable tolling if he can prove one of two things, right? Either that he didn't rationally and factually understand the need to timely file, or he couldn't file a minimally adequate petition. When this Court articulated the standard in bills for equitable tolling in cases of mental illness, it relied in large part on the analysis in Dusky, Edwards, and Godinez. Okay? Using the example of Dusky, if Mr. Flowers was at trial and he was asserting a defense in his case, was very clear and cogent in articulating, I'm innocent of this crime because aliens committed this murder, not me, that is — that reflects some sort of understanding that he needs to present a defense if he was right that the victim and not him, he would in fact be considered innocent. But it's a delusion. The idea that aliens killed the victim is a delusion, and for that reason, the defendant wouldn't be found competent to proceed to trial. That's what's happening here. Mr. Flowers is able to cogently state, there's DNA evidence that exonerates me. There's videotape evidence that exonerates me. But he believes that evidence exists because he believes he was kidnapped from the ultrasound communications from Homeland Security telling him that this evidence exists and that he better tell the court about it if he ever wants to get out of prison. That, consistent with the analysis in Mills that — What does that have to do with his ability to file timely? And that's — I mean, he may be perfectly delusional about the circumstances of his life, but if he displays an understanding of timeliness, isn't that all that matters? And can the district court look at his record and determine that he was? No, Your Honor. I mean, you've made a number of presentations about your client's situation, but, you know, the district court has pretty detailed findings. Look at FIP Note 59 of the district court's opinion. Oh, you don't have it. That's right. This is where the district court discusses Dr. Camp's testimony. And it's a pretty detailed discussion. And specifically, the district court rejects as — as strikingly unpersuasive — singularly unpersuasive the idea that your client had this engaging in self-therapy. It was something which you separate as a fact here. The district court looked at it and — and — and — and rejected that he filing things as a matter of self-therapy. So I — you know, district court seems to have dealt with this — with this pretty — you know, not in ways you like it, but why — why aren't we bound by that? Your Honor, if you look at the course of Mr. Flowers' filings, it's clear that he doesn't understand the need to timely file. Of the Flowers' filings — You know, you — you keep talking about what Mr. Flowers did, and I keep — and I think my colleagues keep asking questions about what the district court did. We're not reviewing Mr. Flowers. We're reviewing the district court. Yes. You have to find error. You have to say — tell us why what the district court did was — was wrong. Was it — you know, some — was either wrong as a matter of law or not supported by the evidence or clearly wrong, you know, abuse of discretion. You have to — you have to hit one of those bumpers. And again, Your Honor, the district court erred because it viewed the course of Mr. Flowers' litigation not in the context of his mental illness. If you looked in a vacuum at the pleadings that Mr. Flowers filed, I admit it looks like he understands the need to timely file, but that's not the standard. The district court misapplied the standard. Bills required the court to look at the course of the litigation in the context of Mr. Flowers' mental illness. And when you do that, it is clear that those filings do not reflect an understanding of the need to timely file. Mr. Flowers would file a petition — I think you've said this once or twice before. We understand. We'll hear from the — your Honor's time. We'll hear from the State. Thank you, Your Honor. Do I get a minute for rebuttal? We'll see. Probably not. Good morning. My name is Karen Wheelan. I represent the State of Nevada in today's case. In looking at the district court's order, it's an extensive order, as you know. There are over 70 findings of fact in that order. And they're not just one-line findings of fact. They're well-developed, and they reference back to all of the voluminous testimony that occurred during the evidentiary hearing, as well as the underlying record. Mr. Flowers would have you believe that the court erred in their decision. And in order for them to prevail, that error has to be clear and convincing, evidence of error on their part. And they haven't done that. They haven't met that burden at all. Even if they disagree with how the court finally arrived at its decision, they can't point to something that is clearly erroneous. I think what they said was that they didn't take — they didn't consider his illness. They didn't look at his case in the context of his mental illness. Well, they absolutely looked at his case in the context of his mental illness. The court painstakingly tells us in their order that he's mentally ill. Now, in the brief by the petitioner, they say that that mental illness pervades the entire period in which he failed to file his petition. Well, nobody's arguing that he was mentally ill during those periods of time. However, the court found that throughout that period of time, there were — those were episodic times in which he would not have been able to file, episodic times of illness or other factors preventing his filing. But during that time, he demonstrated the ability to file through several court filings at the State level. Well, opposing counsel's argument is that simply filing doesn't meet the standard, that if those filings are delusional and without meaningful content, it doesn't matter if they were filed timely, but it's the context and the content. What's your response? Well, it is — the court did look at those filings beyond just did he file. They looked at the substance of what he filed. And he actually filed cogent arguments about time bars, et cetera, indicating that he had a knowledge of time bars. But does the district court, though — I know he says there's periods when he filed things or he kind of deems that he wasn't probably competent or, you know, too mentally ill, and he carved out these 871 days to say during this time period, I think he was. But the district court doesn't really specifically say, like, for instance, in the one filing where he talks about his lawyer was going to get a free TV, you know, that's clearly — seems like a delusional statement, but there's other statements. Does the district court make specific findings with respect to that? In the petition in which he — And then there's others about the — Sure. That really are much more extreme than the TV, you know, reference. Yes. So does the district court address that? Well, the district court does address it. As a matter of fact, the district court points directly to his 1985 filing, which was in 2008, a later filing in 2008, in which everything is delusional. And he — and the court says those — that filing could not have been deemed to be anything but delusional. No, I understand that. But within the filings where he has, you know, where the flowers makes cogent statements or seems a lot, you know, clear statements, and then where he makes what are arguably delusional statements, did I miss that? Could you rephrase the question? Because I think I might be misunderstanding you. The district court addressed specifically those delusional — how he found that those filings that were made were appropriate despite the delusional argument or statements that were made within those filings. Really? Not within the periods of time, but within those filings. Right. I think really what the district court does with that is they note that they're — in one case, the delusion about the TV, for instance, that you brought up, but that because he makes all of these other cogent arguments, it's clear that the delusional argument isn't affecting his ability at that point to actually articulate the arguments that he's articulating in his petition, good cogent legal arguments. So I don't think they go so far as to say — to explain why he could do both, I think, if that's part of what your question is. But he does go so far as to say the fact that both exist does not negate the cogent valid legal arguments that he's making. And then — and then they ask the question, and if he can do that there, he could do that in Federal court. If he could understand the time bar issues and he could understand the legal principles that he was presenting in these State court filings, then he could also do that in Federal court, and that he had failed to do so. That's as far as the court goes. And is it a problem that the court doesn't go any further? I don't think that's a problem, because — because throughout that analysis, they're saying you want to have — you want us to equitably toll your time in which to file, because you say you can't file because of all of the delusions or mental illness affects or other factors that are precluding you under the bill's analysis to come to court and file. Yet you are filing, and you're filing the kinds of things that you should be filing in Federal court. And as a matter of fact, there's a long period of time there, I think, over, I think they said 14 to 16 months, I believe, in which he filed these documents. And contrary to what my colleagues said, I think in finding 72, they say there is no reference to any CIA, no FBI, no mind control, no torture. That's the 2009 petition.  And it's very lengthy. I think they might have mentioned that there was one — there was one reference where Homeland Security — he references Homeland Security as confirming his — his newfound evidence. But other than that, statement which is either delusional or is just his statement as many — and the court argues people make statements in their filings that are not true statements. It doesn't make them delusional all the time. And that's true. But EOR 07 — 01736, it's — he talks about the mock executions. And he starts off that document, you know, pretty lucidly, I would say. But then the wheels come off, really. He says Mr. Flowers was tied to a steel bed and told he was going to be executed for his killing of people and espionage. He was suspected by the FBI, a staff member by the name of Dino, informed Mr. Flowers he could stop this execution if he could admit to murder. And at the end of the statement to Flowers, he stated to give up all appeals, makes other — I mean, and then he talks about beatings, poisoning, voices, solvents, shooter, mail. I mean, it goes on and on. And it just — the district court — and I don't know if he had an obligation to specifically — I'm trying to find out. Did the district court — should have he addressed that more specifically? Well, I don't think that they needed to based on their analysis of all of the context of his illness and filings. It's not just the context of his mental illness, but in the course of those filings or non-filings, for that matter. And my — and Flowers hasn't brought forth any basis. So there's no authority either way? Well, they haven't brought forth any basis that causes him not to have gone that extra step that you're asking about, to be clear error. All they're saying is that he didn't analyze — that the findings did not analyze things in the context of his mental illness, when clearly he is analyzing things in the context of his mental illness. If that's their assertion, they're wrong. You mentioned the Bills test. I did have a question for you, because I didn't see it. Did the district court make a finding under Bills Prong 1B that Flowers was personally able to prepare a habeas petition and effectuate its filing? You know, they do address the Bills. And he doesn't meet the Bills standard. And I have the order before me, and I have it flagged, but I can't. If yes, the answer is yes. Can you tell me where? Because I don't think he does. The district court doesn't address 1B. And if he doesn't address 1B, what do we do? If he doesn't address the second prong or the second part of 1B. Well, 1B. Well, it's got to be A or B. He's got to — Well, it says you can meet that under either one. And he addresses 1A, but he doesn't address 1B. So he doesn't make a finding under the Bills Prong 1B. So I'm just trying to figure out. For my review, what do we do? Well, if he doesn't, let's consider arguendo that he doesn't address it at all, because I can't bring it to mind right now, and I don't have it flagged right here in front of me on the order. But then we also have to consider the second prong, which he doesn't meet. So even if he doesn't have a ruling on 1A or B, or any part of 1, he's got to have both 1 and 2. And he doesn't have 2. So an error occurring in one or the other prong would only be material if he had met the other prong that he didn't have an error in. I think I said that. I followed it. And your point is that this could address 2, prong 2? Yes, that he could file and that he didn't have severity that would impede him. They addressed the bill's analysis, and that was all in the context of all of the testimony at the evidence you're hearing. Okay. Well, since there's a question pending from Judge Mejia, perhaps after court you can send us a supplemental pointing out if there is a ruling on those two points. It's 1B. 1B. Yes, I can do that. If there are no more. Then where is the discussion of point 2, prong 2? You know, again, I have my order, but I didn't flag that. I just didn't think we were going to get that deep into that analysis, because we were – I believe that the – Counsel never do. Or seldom. All right, Your Honor. Okay. Thank you. Thank you. Would you like a minute for rebuttal? Yes, Your Honor. One minute. Just to hone this Court in on where the district court erred. The district court held that on the EOR page 31, ultimately untrue allegations of allegedly exculpatory video from nearby surveillance cameras, other exculpatory evidence allegedly withheld by the State, and alleged recanted testimony by key witnesses are not at all uncommons in pleading by Petitioners who at least have not been documented as being delusional. For that reason, the district court held that Mr. Flowers was able to submit a minimally adequate petition. That language from the district court's order demonstrates that the district court committed clear error in failing to consider the filings in the context of his mental illness. The fact that sane people make allegations about DNA evidence and video surveillance evidence is frankly irrelevant in this case, because the court was required to view those allegations in the context of Mr. Flowers' mental illness. Thank you. Thank you. Okay. Just argue a stance of minutes.
judges: Kozinski, Rawlinson, Murguia